UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 14-20-DCR |
| V. | ) ) | |
| MARY PATRICIA CURETON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Mary Cureton is charged with conspiring to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). [Record No. 8] This action is pending for consideration of the defendant's motion *in limine* to exclude certain evidence from being offered during the trial which is scheduled to commence on February 25, 2015. [Record No. 170] Specifically, Cureton requests that the Court prohibit admission of: (i) evidence of heroin seized from an alleged co-conspirator's residence; (ii) destroyed methamphetamine evidence; (iii) evidence of Cureton's prior charges or convictions; (iv) Cureton's recorded interview referring to the seized drugs; and (v) recorded statements referring to heroin and Cureton's prior arrest history.

Having considered the defendant's motion and the United States' response, [Record No. 173] the motion will be denied.

**I.**

While the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Although a party can ask the Court to make an *in limine* ruling on evidentiary matters, it is within the Court's discretion to do so. In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). In fact, a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994); *Gresh v. Waste Servs. of America*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) ("The district judge . . . has the sound discretion to alter or amend a previous in limine ruling at trial."). In fact, a court may "exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec., Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless this high standard is met, rulings will be deferred until trial. *Id.*

Rule 402 of the Federal Rules of Evidence sets forth the general rule that relevant evidence is admissible, subject to certain exceptions, and irrelevant evidence is not admissible. *See* Fed. R. Evid. 402. "Relevant evidence" is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Both the Supreme Court and the Sixth Circuit have noted that the standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing *Daubert v.*

*Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *Hildebrand v. Bd. of Trs. of Mich. State Univ.*, 607 F.2d 705, 713 n.15 (6th Cir. 1979)).

However, Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Evidence is not excluded merely because it is damaging or prejudicial to a defendant's case; rather, it must be unfairly prejudicial. *See United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403. *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (citing *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996)). Moreover, to warrant exclusion, any danger of unfair prejudice posed by the evidence must *substantially* outweigh its probative value. Fed. R. Evid. 403. The Sixth Circuit has found this requirement significant. *See Koloda v. Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983). Rule 403 is not concerned with "the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986).

## II.

Cureton moves to exclude the following evidence that the United States seeks to introduce at trial: heroin seized from Tony Petrey's residence; destroyed methamphetamine and heroin; the defendant's other charges or convictions; the defendant's recorded statements

referring to the methamphetamine; and the defendant's recorded statements referring to heroin and her arrest history. [Record No. 170] This evidence falls into three categories: (i) background evidence; (ii) destroyed evidence; and (iii) drug identification testimony.

### A.     Background Evidence

The United States has indicated its intent to introduce evidence of heroin seized from the residence of Tony Petrey, Cureton's alleged co-conspirator, on February 19, 2014. [Record No. 166] Cureton argues that evidence of the heroin is inadmissible as irrelevant because the Indictment charges Cureton only with conspiracy to distribute methamphetamine (Count 2), not conspiracy to distribute heroin (Count 3). [Record No. 8] Additionally, the defendant moves to exclude evidence or reference to any prior charges or convictions; specifically, a charge in Whitley Circuit Court Criminal Action No. 14-CR-00039. In statements taken on February 20, 2014, and February 24, 2014, the defendant makes reference to heroin and her prior arrest history. Therefore, she objects to the admissibility of those portions of the audiotapes.[1] The defendant argues that such evidence is inadmissible as "other acts" evidence under Federal Rule of Evidence 404(a) and (b). She also asserts that the prejudicial nature of the evidence outweighs it probative value under Rule 403.

The United States seeks to offer this evidence as inextricably intertwined with evidence that is relevant to the crime charged. [Record No. 173, p. 2] In limited circumstances, the

---

[1] The defendant has not moved to suppress these statements as involuntary confessions. In determining such a motion, the Court would be directed by 18 U.S.C. § 3501. The government bears the burden of proving by a preponderance of the evidence that a confession was voluntary. *United States v. Wrice*, 954 F.2d 406 (6th Cir. 1992). Factors relevant to determining whether a defendant has voluntarily waived her rights include age, experience, education, background, intelligence, and capacity to understand *Miranda* warnings. *United States v. Fowler*, 535 F.3d 408, 417 (6th Cir. 2008).

government may introduce evidence of past conduct if the conduct is sufficiently tied to the presently charged offense. As the Sixth Circuit has explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*United States v. Marrera*, 651 F.3d 453, 471 (6th Cir. 2011). When background (or *res gestae*) evidence is presented in this way, it is not subject to the strictures of Rule 404(b). *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013).

The Sixth Circuit further explained the distinction between acts that are intrinsic to the offense charged – and thus not subject to Rule 404 – and extrinsic "other acts," which are subject to the rule:

> [w]hen the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence.

*United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

Background evidence includes "those other acts [that] are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Joseph*, 270 Fed. App'x. 399, 405 (6th Cir. 2008) (quoting *Hardy*, 228 F.3d at 748). However, the Sixth Circuit cautions that:

> rather than providing unfettered rein, the definition of background or *res gestae* evidence . . . imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the

charged offense. Before a court decides whether other acts fall into the "background circumstances" exception to the general proscription against such evidence, it must first analyze the proffered evidence in light of these constraints.

*Hardy*, 228 F.3d at 749.

In addition, the Sixth Circuit has held that evidence which constitutes "a continuing pattern of illegal activity" is not considered an "other act" and, therefore, is not governed by Rule 404(b). *See United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000).[2] The *res gestae* exception is often applied in conspiracy cases. *United States v. Rice*, 90 Fed. App'x 921, 924 (6th Cir. Feb. 20, 2004) (unpublished). For example, in *Buchanan*, the defendant was charged with participation in a drug conspiracy stretching from 1990 to 1997. During trial the district court admitted evidenced that the defendant sold drugs to an informant in 1994 and that police had seized drugs from him in 1990. The Sixth Circuit held that Rule 404(b) did not apply because the evidence showed a continuing pattern of illegal activity associated with the charged drug conspiracy. *Id.* By contrast, in *Hardy*, the Sixth Circuit held that drug transactions carried out by the defendant and an alleged co-conspirator six years before the charged conspiracy began could not be admitted as background evidence because this evidence lacked a close enough connection to the charged events. 228 F.3d at 749–51.

Here, the United States asserts that the evidence it seeks to present as background evidence occurred close in time with the underlying criminal conduct charged in Count Two of the Indictment. According to the United States, the heroin and the methamphetamine came from

---

[2] The Second Circuit has long held that an act that is alleged to have been done in furtherance of an alleged conspiracy is not an 'other act' within the meaning of Rule 404(b); rather it is part of the very act charged. *United States v. Quinones*, 511 F.3d 289, 308 (2d Cir. 2007) (quoting *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992)).

the same source of supply and were ordered, bought, and shipped together. [Record No. 173, p. 3] Thus, the government is able to establish a close "temporal connection" between the evidence and the charged offense. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Additionally, there appears to be a causal connection between the evidence and the charged offense. Although the United States indicates that it does not intend to introduce any evidence of Cureton's prior convictions in its case, it argues that "it would be impossible not to refer to the underlying facts related to [Whitley County Criminal Action No. 14-CR-39] as that charge forms part of the criminal conduct that is the basis for the Defendant's federal charges." [Record No. 173, p. 6]

The United States will not be prohibited from referring to events allegedly related to the conspiracy at issue. Evidence that shows the circumstances from which the charged conduct arose, such as a description of the personal relationships and events in which the allegedly illegal actions took root, is proper background evidence. *United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000); *United States v. Reyes*, 51 Fed. App'x 488, 494 (6th Cir. 2002). It appears that the evidence the United States seeks to offer is relevant to the present action. *See* Fed. R. Evid. 401. Here, the challenged statements regarding the seized heroin and related criminal history complete the story of the offense charged. In short, the Court concludes that the evidence the United States seeks to introduce is proper background evidence that is inextricably intertwined and is necessary to explain the nature and extent of the conspiracy.

### B.     Destroyed Evidence

Alleging that the Williamsburg Police Department destroyed heroin and methamphetamine evidence, Defendant Cureton moves the Court to exclude evidence from "others or alleged co-conspirators" at trial. [Record No. 170, p. 1] In support, she offers a Kentucky State Police Crime Supplement in which officers report that they "cannot locate the drug evidence in the [Mary Cureton] case" and believe that "the missing drug evidence . . . was mistaken for items to be destroyed and was burned." [Record No. 170-1] The Sixth Circuit defines spoliation as "the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *See Nationwide Mut. Fire Ins. co. v. Ford Motor Co.*, 174 F.3d 801, 804 (6th Cir. 1999). "Intentional destruction" is further defined "not as a knowing and willful removal of evidence, but as removal with the purpose of rendering it inaccessible or useless to the defendant in preparing [her] case; that is, spoiling it." *United States v. Spalding*, 438 Fed. Appx. 464 (6th Cir. 2011).

The Supreme Court was faced with a similar issue in *Illinois v. Fisher*, 540 U.S. 544 (2004), in the context of due process violations. The defendant in *Fisher* was arrested and charged with possession of cocaine. However, by the time the defendant was tried, the drugs had been destroyed by the police. The *Fisher* Court determined that the police had not acted in bad faith in destroying the evidence pursuant to department policy, and that testing indicated that the chemical make-up of the substance inculpated, rather than exculpated, the defendant. *Id.*

The facts of this case do not warrant the defendant's requested relief. Cureton has not demonstrated that the police acted with any intention of hindering the defense's case. *See United*

*States v. Boxley*, 373 F.3d 759 (6th Cir. 2004). Here, as in *Fisher*, the fact remains that the lab results of the substance still exist as evidence, even though the actual substances apparently were destroyed by the department. The United States indicates that the officers who made the seizures and the forensic chemists that analyzed the substances will testify at trial, where the defendant will be given the opportunity to cross-examine them. [Record No. 173] Moreover, there is no requirement that the United States introduce into evidence the actual controlled substance in order to convict a defendant of a drug offense. *See United States v Schrock*, 855 F.2d 327, 333-34 (6th Cir. 1988) ("So long as the government produces sufficient evidence, direct or circumstantial, from which the jury is able to identify the substance beyond a reasonable doubt, the lack of scientific evidence is not objectionable."). Although the Crime Supplement indicates that the policemen did not maintain and control the evidence in a manner consistent with good police tactics, the inadvertent destruction of the drug evidence does not rise to the level of bad faith.

### C. Drug Identification Testimony

Finally, the defendant objects to the admissibility of the recorded interviews of Cureton taken on February 20, 2014 and February 24, 2014, by Trooper Les Moses. Cureton argues that the statements are inadmissible insofar as they include references to the alleged drugs seized as being "the good stuff," "ice," "real ice." According to the defendant, such statements are inadmissible testimony as neither Cureton nor Trooper Moses "has the scientific training or knowledge to comment on the quality or purity of alleged methamphetamine." [Record No. 170]

However, the identity of a drug may be ascertained by circumstantial evidence. *United States v. Wright*, 16 F.3d 1429, 1439 (6th Cir. 1994). Moreover, expert testimony is not necessary. A lay witness who has personal experience with methamphetamine can establish that a substance is, in fact, methamphetamine. *See id.* at 1439-40 (regarding crack cocaine); *United States v. Kelly*, 519 F.3d 355, 364 (6th Cir. 2008) (a lay witness may offer identification testimony as it pertains to drugs). Further, the government may rely on testimony from field agents to establish the identity of the substance in question. *United States v. Davis*, 281 Fed. App'x 519, 520 (6th Cir. 2008) (relying on a field officer to determine that the substance was crack cocaine, as opposed to a different form of cocaine). As a result, the statements made by the defendant and Trooper Moses may be admissible for the purpose of identifying the drugs seized as actual methamphetamine.

### III.

Based on the foregoing analysis, the Court concludes that the evidence sought to be admitted by the United States is admissible for the purposes and to the extent identified above. Accordingly, it is hereby

**ORDERED** that Defendant Mary Cureton's motion to *in limine* [Record No. 170] is **DENIED**.

This 24th day of February, 2015.



Signed By:
Danny C. Reeves  DCR
United States District Judge