UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 14-20-DCR |
| V. | ) ) ) | |
| MARY PATRICIA CURETON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Mary Cureton's most recent motion *in limine* to exclude evidence relating to her prior criminal charges, convictions, and drug use [Record No. 197] is currently pending. The United States opposes the motion. [Record No. 199] Having heard argument of counsel and having considered the parties' written briefs, the Court will grant the motion, in part.[1]

The United States seeks to introduce evidence of heroin seized from the residence of Tony Petrey, Cureton's alleged co-conspirator, on February 19, 2014. [Record No. 166] The defendant's current motion renews her argument that this evidence is inadmissible as irrelevant and prejudicial because the Indictment charges Cureton only with conspiracy to distribute methamphetamine (Count 2), not conspiracy to distribute heroin (Count 3).

---

[1] On February 24, 2015, the Court denied an earlier motion *in limine* filed by Defendant Cureton on the eve of her first trial. [Record No. 176] The Memorandum Opinion and Order filed that date addresses the effect of in limine rulings and a discussion of Rules 402, 403 and 404 of the Federal Rules of Evidence. Except to the extent that it is necessary to address new issues raised by the defendant through her current 11th hour motion, the Court does not find it necessary to repeat that discussion here.

[Record No. 8] The defendant challenges the admissibility of this evidence under Rule 404(b) of the Federal Rules of Evidence, which precludes the use of "other acts" evidence under most circumstances.

The Court has already considered and rejected the defendant's arguments regarding the heroin transaction. [Record No. 176] The Memorandum Opinion and Order entered on February 24, 2015, explained the distinction between acts that are *intrinsic* to the offense charged—and thus not subject to Rule 404—and *extrinsic* "other acts," which are subject to the rule. [*Id.* at 5] The United States has sufficiently established a close spatial and temporal connection between the heroin and the charged offense, and it is therefore admissible as background evidence. Similarly, the Court has already ruled on the admissibility of evidence of Cureton's underlying state court charges arising from the same events as the present count. [*Id.*] As the United States notes, it would be impossible to prohibit evidence of the underlying facts related to Whitley County Criminal Action No. 14-CR-39, because that charge forms part of the criminal conduct that is the basis for Cureton's federal charges. The Court's prior rulings on these issues do not warrant reconsideration.

The defendant also seeks to exclude questions raised during certain audio recorded statements about prior, unrelated state charges (*i.e.*, unrelated criminal history). The prior motion *in limine* did not adequately explain the nature of the questions presented to Defendant Cureton. In fact, the subject matter was not clear until the tape was played to the jury during the first trial of the defendant.[2] As a result of the admission of this portion of the

---

[2] In audio-tape statements taken on February 20, 2014, and February 24, 2014, the defendant was questioned about her prior arrest record, including arrests in Tennessee.

audio tape, the Court gave a limiting instruction to the jury regarding this issue. *See* Final Jury Instructions, Instruction No. 14(A). [Record No. 182]  In the event the defendant testifies, she may be subject to cross-examination regarding proper, qualifying felony convictions. However, the United States may not introduce evidence of arrests or charges through her recorded interview that would not be otherwise admissible. The evidence offered is subject to the provisions of Rules 402, 403, 608 and 609 of the Federal Rules of Evidence.

Accordingly, it is hereby

**ORDERED** that Defendant Mary Patricia Cureton's motion *in limine* [Record No. 197] is **DENIED**, in part, and **GRANTED** in part. During the trial of this action, the audiotape statements regarding Defendant Cureton's prior criminal history will be excluded. To the extent that the defendant's motion seeks to exclude evidence already deemed admissible by prior Order of this Court, the motion is **DENIED**.

This 1st day of May, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge