UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 14-20-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARY PATRICIA CURETON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Mary Patricia Cureton was charged by a federal grand jury with conspiring to distribute a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).  [Record No. 8]  Her first trial, which lasted three days, resulted in a hung jury.  After the jury was unable to reach a verdict, the Court declared a mistrial.  [Record No. 186]  Cureton's second trial resulted in a guilty verdict. [Record No. 215]  This matter is now pending for consideration of the defendant's renewed motion for acquittal or, alternatively, for a new trial.  [Record No. 231]  However, the motion is not meritorious and will be denied.

**I.  Motion for Acquittal**

Under Rule 29 of the Federal Rules of Criminal Procedure, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense of which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  When considering a Rule 29 motion, the Court must view the evidence in the light most favorable to the prosecution, giving the

government "the benefit of all inferences which can reasonably be drawn from the evidence." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (quoting *United States v. Head*, 927 F.2d 1361, 1365 (6th Cir. 1991)).  Moreover, for purposes of a motion for judgment of acquittal, "'[i]t is not necessary that the evidence exclude every reasonable hypothesis except that of guilt.'"  *Id.* (quoting *Head*, 927 F.2d at 1365).  Rather, acquittal is required only "if 'there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt.'"  *United States v. Davis*, 981 F.2d 906, 908 (6th Cir. 1992) (quoting *United States v. Fawaz*, 881 F.2d 259, 261 (6th Cir. 1989)).

To convict a defendant of conspiracy under 21 U.S.C. § 846, the prosecution must show "an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act."  *United States v. Crayton*, 357 F.3d 560, 573 (6th Cir. 2004) (quoting *United States v. Ledezma*, 26 F.3d 636, 640 (6th Cir. 1994)).  The essence of conspiracy is agreement, but proof of a formal agreement is not necessary; "a tacit or material understanding" will suffice.  *Crayton*, 357 F.3d at 573.  Circumstantial evidence may be the "sole support" of a conviction under § 846.  *Id.*  Once the existence of the conspiracy itself has been shown, it is not necessary to prove that a defendant knew every member of the conspiracy.  *United States v. Maliszewski*, 161 F.3d 992, 1006 (6th Cir. 1998).

Contrary to the defendant's arguments, the evidence of Cureton's connection to the conspiracy is more than sufficient to support her conviction.  During trial, the prosecution offered two audio recordings, from two separate dates, capturing Cureton's voluntary interviews with law enforcement investigators.  In these recordings, Cureton stated that she knew of Tony Petrey's involvement in trafficking drugs from a source in California, including the street names of his supplier and distributors and the amount of

methamphetamine he consistently purchased. She admitted that she accompanied Petrey during his drug sales to distributors and in making his payments to his supplier through money transfer services. Cureton possessed several receipts from these transactions. In addition, she agreed to watch for the delivery of the drugs on a specific date. She also disposed of empty drug containers and loaned Petrey money for the purchase drugs from his supplier.

At trial, Petrey corroborated Cureton's recorded statements. Although the defendant argues that Petrey's testimony was inconsistent, [Record No. 231, p. 3] the Court must "refrain from independently judging the credibility of witnesses or weight of the evidence" when considering the sufficiency of the evidence. *Price*, 258 F.3d at 544. Finally, the jury heard testimony from arresting officers and laboratory technicians, and the prosecution admitted into evidence lab analysis of the substance, positively identified as containing methamphetamine, seized from Cureton's purse at the time of her arrest. Based on these facts, the jury had sufficient evidence to support its conclusion beyond a reasonable doubt that Cureton conspired to distribute methamphetamine.

## II. Motion for a New Trial

Alternatively, the defendant moves for a new trial under Federal Rule of Criminal Procedure 33(a), alleging evidentiary errors and improper jury instructions. Rule 33(a) permits a court, upon motion by a defendant, to vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whether to grant a Rule 33 motion is left to the sound discretion of the district court, *United States v. Wheaton,* 517 F.3d 350, 361 (6th Cir. 2008). Further, the defendant bears the burden of proving that a new trial should be granted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). Generally, a

motion for a new trial under Rule 33(a) will only be granted "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007).

### A.     Evidence of Heroin

The defendant initially argues that evidence of her involvement in heroin transactions was inadmissible.  This argument has been previously raised and rejected – twice.  In ruling on Cureton's motions in limine, [Record Nos. 170, 196] the Court determined that evidence of the heroin transactions was admissible as background evidence, due to the close spatial and temporal connection between the heroin and the charged offense.  [Record Nos. 176, 206]  The defendant's argument otherwise is once again unpersuasive and does not warrant a new trial.

### B.     Hearsay Evidence

Next, counsel for the defendant argues that the Court erred in sustaining the government's objections to counsel's line of questioning during cross-examination of several witnesses.  [Record No. 231, p. 9]  According to the defendant, the Court "prohibit[ed] counsel from questioning various witnesses […] relating to the Defendant's lack of connection to the conspiracy."  [*Id.*]  However, the prosecution's objections were properly sustained on hearsay grounds.

During the cross-examination of United States witness Police Chief Wayne Bird, counsel for the defendant sought to elicit testimony regarding statements made by Cureton's co-defendants to law enforcement as noted in Bird's investigation report.  This line of questioning creates issues of hearsay within hearsay, in violation of Rule 805 of the Federal Rules of Evidence.  And "to admit an out-of-court statement that is nested within another,

Rule 805 requires that *both* statements be admissible." *United States v. Payne*, 437 F.3d 540, 547 (6th Cir. 2006), *cert. denied*, 547 U.S. 1217 (2006). The defense's cross-examination implicated multiple levels of hearsay: the investigating officer's out-of-court statements in the report and the co-defendant's reported statements made to officers other than Chief Bird. While defense counsel may have been able to avoid exclusion at the first level of hearsay through exceptions in the Federal Rules of Evidence,[1] the evidence remains inadmissible without a valid exception to the second level of hearsay. Cureton failed to identify how the statements of her co-defendants, taken by other officers and incorporated into Bird's report, fall within a recognized exception to the prohibitions against hearsay evidence. Accordingly, the government's objections to the defense's line of cross-examination were properly sustained.

### C.    Jury Instructions

In addition, Cureton argues that a new trial is warranted based on the Court's instructions to the jury regarding overt acts. [Record No. 231, p. 8] She suggests that Jury Instruction No. 13(A) "contradicts the 6th Circuit Pattern Instruction" and "unduly emphasizes" that no overt act is required to establish a conspiracy. [*Id.*] According to the defendant, this instruction prejudiced her defense and led to her conviction. [*Id.* at 9]

Review of the case law in this circuit supports this Court's decision to submit the instruction to the jury. "A trial court has broad discretion in drafting jury instructions and does not abuse its discretion unless the jury charge 'fails accurately to reflect the law.'" *United States v. Beaty*, 245 F.3d 617, 621 (6th Cir. 2001) (quoting *United States v. Layne*,

---

[1]    Specifically, counsel argues for admissibility of the report under Federal Rules of Evidence 803(6),(7),(8), and (10). [Record No. 231, p. 9]

192 F.3d 556, 574 (6th Cir. 1999).  To show that the district court abused its discretion, the defendant must show that "the instructions, viewed as a whole, were confusing, misleading, or prejudicial."  *United States v. Freeman*, 299 F. App'x 556, 558 (6th Cir. 2008).  "No single provision of the jury charge may be viewed in isolation, rather, the charge must be considered as a whole."  *Beaty*, 245 F.3d at 621-22.

The submission to the jury of the overt act instruction was appropriate under the circumstances presented.  The pertinent instruction was included on page 20 of the jury instructions and reads as follows:

> As I have explained, the United States must prove two elements of the crime charged beyond a reasonable doubt.  However, the government is not required to prove that the defendant took any overt action in furtherance of the conspiracy.  While commission of some overt act may be evidence that the defendant knowingly and voluntarily joined the conspiracy, such proof is not required.

[Record No. 213, p. 20]  This instruction tracks language from decisions of the Supreme Court and the United States Court of Appeals for the Sixth Circuit.  *See United States v. Shabani*, 513 U.S. 10, 15 (1994) (the government is not required to prove an over act under 18 U.S.C. § 846); *United States v. Patel*, 579 F. App'x 449 (6th Cir. 2014) (same).  The Court did not misstate the law concerning the elements of conspiracy, and the instructions, viewed as a whole, were neither confusing, misleading, nor prejudicial.  In fact, as indicated by the Court at the time of Cureton's objection, the subject instruction was included to *prevent* defense counsel from further attempting to mislead the jury regarding the elements of the offense charged.  The jury, having heard defense counsel's arguments emphasizing that Cureton never acted overtly in furtherance of the conspiracy, stood at risk of being misled into believing that a defendant cannot be convicted of a conspiracy without proof that

he or she performed an overt act.  As a result, the Court properly delivered Instruction No. 13(A).

Finally, the defendant argues that a new trial is appropriate given the Court's "refusal to instruct the jury as proposed by the Defendant," distinguishing minor associations from conspiracies.  [Record No. 231, p. 9]  Cureton proposed that the jury be instructed as follows:

> In considering the evidence, you should be mindful that a buyer-seller relationship is not alone sufficient to tie a buyer to a conspiracy.  A defendant's presence at the crime scene, without more, is insufficient.  Mere sales do not prove the existence of the agreement that must exist for there to be a conspiracy.  A defendant's mere association with conspirators is not enough to establish participation in a conspiracy.

[Record No. 207]  Cureton does not claim that the instruction explaining what *is* a conspiracy was legally incorrect.  Rather, Cureton faults the Court for declining to include the defendant's proposed language regarding what is *not* a conspiracy.

The defendant was free to argue – and did argue in closing arguments – that the government had not proved the requisite elements of conspiracy.  But Cureton points to no authority requiring the Court to include the defendant's tendered instruction.  *See United States v. Horton*, 847 F.2d 313, 322 (6th Cir. 1988) ("It is not error to fail to use the language requested by the parties if the instruction as given is accurate and sufficient.").  Through Instruction No. 13, read verbatim, the jury was instructed that "proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement."  [Record No. 213, pp. 16-17]  The jury was further instructed that "proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if she approved of what was happening or did not object to it," and "just because a defendant may

-7-

have done something that happened to help a conspiracy does not necessarily make her a conspirator." [*Id.* at 19]  These instructions obviated the need for the defendant's proposed instruction.  Consequently, the defendant's Rule 33 motion fails because the appropriate jury instructions were given and the interest of justice does not compel a new trial.

### III.  Conclusion

In summary, the jury had sufficient evidence to support its verdict beyond a reasonable doubt and none of Cureton's arguments warrants a new trial.  Thus, the motion for judgment of acquittal or a new trial [Record No. 231] will be denied.

Accordingly, it is hereby

**ORDERED** that Defendant Mary Cureton's Motion for Acquittal or, in the alternative, Motion for a New Trial [Record No. 231] is **DENIED**.

This 11th day of June, 2015.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**